Larry Wayne Whitehead was convicted of capital murder for the death of Ernest Andrew Whitten, an Albertville police officer. The murder was made capital because it occurred during a burglary, see Ala. Code 1975, § 13A-5-40(a)(4); because it was related to Whitten's having served as a grand-jury witness against Whitehead, see § 13A-5-40(a)(14); and because it was related to Whitten's having been subpoenaed to testify against Whitehead in an upcoming trial, see § 13A-5-40(a)(14). The jury unanimously recommended the death penalty. The trial judge, finding four aggravating factors and no mitigating factors, accepted the jury's recommendation and sentenced Whitehead to death. The Court of Criminal Appeals affirmed Whitehead's conviction and sentence. See Whitehead v. State, 777 So.2d 781 (Ala.Crim.App. 1999). This Court granted Whitehead's petition for certiorari review and heard oral arguments. We now affirm the judgment of the Court of Criminal Appeals.
 I.
The facts of this case are set out in the opinion of the Court of Criminal Appeals and are only briefly recounted here. Officer Whitten investigated allegations that Whitehead had stolen money from his employer, Hudson Foods, Inc., by having friends clock him in and out of work on days he did not actually work. Under Alabama's Habitual Felony Offender Act (Ala. Code 1975, §13A-5-9), Whitehead faced a life sentence if he was convicted of theft. Whitehead had bragged that, if Whitten was not able to testify against him, then not only would he be acquitted of theft, but he would also be able to sue Hudson Foods for millions of dollars. Shortly before his theft trial, Whitehead, along with two accomplices, James Matthew Hyde and Stephen Brookshire, went to Whitten's house. The evidence suggested that Hyde went through an exterior door of Whitten's house and into a laundry room; that Hyde then knocked on the door separating the laundry room from the main portion of Whitten's house; that Whitten came to the door and partially opened it; and that Hyde shot Whitten through the door, inflicting a single, fatal wound.
 II.
In his certiorari petition, Whitehead raises 22 issues concerning the merits *Page 856 
of his conviction and sentence, all of which he raised on appeal to the Court of Criminal Appeals. We have carefully reviewed all the issues presented in the petition and discussed in the briefs and at oral argument, and we have studied the opinion of the Court of Criminal Appeals. All of the issues Whitehead raises here were thoroughly addressed in the opinion of the Court of Criminal Appeals. We reiterate here, however, that the entry of a bullet into Whitten's house did not constitute an "entry" under the burglary statute. Ex parte Hyde, [Ms. 1971109, March 10, 2000] ___ So.2d ___, ___ n. 2 (Ala. 2000); see Ala. Code 1975, § 13A-7-5(a). As we stated in Hyde, "the burglary statute requires an entry by some part of the defendant's body or the body of someone acting in complicity with the defendant." ___ So.2d at ___ n. 2. However, that conclusion does not require us to reverse Whitehead's conviction, because the evidence does not support any theory except that an entry did occur. Either Whitehead's accomplice, James Matthew Hyde, or Whitehead himself (as Whitehead testified at Hyde's capital-murder trial), entered the laundry room of Whitten's house and shot Whitten through a door separating the laundry room from the main portion of the house.
 III.
In considering Whitehead's arguments and reviewing the record, we have found no error, either in the guilt phase or in the sentencing phase of Whitehead's trial, that would warrant a reversal of his conviction or his sentence. We therefore affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
Hooper, C.J., and Maddox, Houston, Cook, Lyons, Brown, Johnstone, and England, JJ., concur.